Abairahman FARAH, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71992.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 24, 2004.

Thomas P. Walsh, Esq., Beaverton, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Norah Ascoli Schwarz, Esq., Judith K. Hines, Esq., DOJ—U.S. Department of Justice, Office of Immigration, Washington, DC, for Respondent.

Before LEAVY, TROTT, Circuit Judges, and POLLAK, District Judge.*

## MEMORANDUM **

Abairahman Farah (Farah), a native and citizen of Somalia, petitions for review of the summary affirmance of the Board of Immigration Appeals (BIA) of the denial by an Immigration Judge (IJ) of Farah's claim for relief under the Convention Against Torture (CAT). The IJ denied the CAT claim, finding Farah's testimony not credible. Because the BIA affirmed the IJ's ruling without an opinion, we review the IJ's decision as the final agency action. *See* 8 C.F.R. § 1003.1(e)(4). We review the IJ's adverse credibility finding under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We grant the petition.

To be eligible for CAT relief, Farah must show that it is more likely than not that he would be tortured if he is returned to Somalia. 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir.2001). "[C]ountry conditions alone can play a decisive role in granting relief under the Convention." *Id.* at 1280.

Farah and his family were members of the Marehan clan in Somalia. Farah came to the United States on a student visa in 1989. In 1991, inter-clan fighting erupted in Somalia, resulting in massive killings, dislocations and starvation. Farah was granted Temporary Protected Status in 1992, but he failed to secure a timely extension. Farah was served with an Order to Show Cause dated July 8, 1994, but Farah failed to appear for his deportation hearing, and Farah was ordered deported in absentia. Farah moved to reopen proceedings for consideration of his claim for asylum, and also for relief under CAT. The proceedings were reopened for consideration only of Farah's CAT claim.

Farah's asylum application stated that Farah's brother and sister were murdered by rival Hawiye clansmen. The application stated that Farah's brother was murdered on the bus from Mogadishu to the Kenya border, and that Farah's sister was "raped and murdered when she attempted to flee from Mogadishu." The application stated, "Somehow she made it to Kenya, but died there of her injuries."

In his testimony before the IJ, Farah stated that his sister was traveling "from Mogudishu to her way to Kenya" and that his sister was raped and killed by Hawiye clansmen "in the middle of Somalia." The IJ focused on the discrepancy between Farah's written asylum application statements and his oral testimony regarding the precise location of the sister's death, and based the adverse credibility determination on this discrepancy.

The IJ's adverse credibility finding is not supported by substantial evidence.

---

* Honorable Louis H. Pollak, Senior U.S. District Judge for Eastern Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The exact location of Farah's sister's death is not a material factor which goes to the heart of Farah's claim that he will likely be tortured if he is returned to Somalia. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111–13 (9th Cir.2002). Futhermore, Farah testified that he was out of the country at the time and received the information about his family from third parties. In these circumstances, it may be impossible to verify the precise location of his sister's death.

The IJ found that the Hawiye clan controls the country to the "extreme detriment to the persons belonging to other clans" and that the State Department Country Report supports the conclusion that a member of another clan would have "a good chance of being subject to torture." The widespread human rights violations and continuing clan warfare are undisputed and play a decisive role in meeting the burden of proof required under CAT. *Kamalthas*, 251 F.3d at 280; 8 C.F.R. § 208.16(c)(3) (evidence of gross, flagrant, or mass violations of human rights within the country of removal are relevant to whether alien is more likely than not to be tortured). The record compels the conclusion that Farah will more likely than not be tortured if removed to Somalia, therefore Farah is entitled to withholding of removal under Article 3 of CAT. *Khup v. Ashcroft*, 376 F.3d 898, 907 (9th Cir.2004).

PETITION GRANTED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.